ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

4 A.3d 151

IN THE MATTER OF JAMES K. RECORD, AN ATTORNEY
AT LAW (ATTORNEY NO. 017741989).

September 29, 2010.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 09–363, concluding that **JAMES K. RECORD** of **BRANCHVILLE,** who was admitted to the bar of this State in 1989, should be suspended from the practice of law for a period of two years for violating *RPC* 1.15(a) (failure to safeguard client funds), *RPC* 8.4(b) (commission of a criminal act that adversely reflects on the attorney's honesty, trustworthiness or fitness as a lawyer in other respects), *RPC* 8.4(c) (conduct involving dishones-

ty, fraud, deceit or misrepresentation), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to submit proof of his fitness to practice law as attested to by a psychiatrist and an alcohol counselor, and that following reinstatement, he should be required to submit proof of his continued medical treatment and alcohol counseling until discharged;

And the Court having granted the petition for review filed by the Office of Attorney Ethics and having ordered **JAMES K. RECORD** to show cause why he should not be disbarred or otherwise disciplined;

And good cause appearing;

It is ORDERED that **JAMES K. RECORD** is suspended from the practice of law for a period of three years and until the further Order of the Court, effective immediately; and it is further

ORDERED that prior to respondent's reinstatement to the practice of law, he shall submit proof of his fitness to practice as attested to by a mental health professional and by an alcohol counselor approved by the Office of Attorney Ethics; and it is further

ORDERED that following reinstatement to practice, **JAMES K. RECORD** shall continue to receive psychiatric treatment and alcohol counseling and submit periodic proof thereof to the Office of Attorney Ethics on a schedule to be determined by that office, until discharged and until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.